# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **CHARLES REEVE,** | |
| Plaintiff, | **Case No. 10 C 8147** |
| v. | |
| **OCEAN SHIPS, INC. and the UNITED STATES,** | **Hon. Harry D. Leinenweber** |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Charles Reeve ("Reeve") brought the instant complaint alleging he was injured on while working on the crew of the USNS Sisler, a noncombat ship manned by employees of Ocean Ships, Inc. ("Ocean Ships"). Before the Court are Defendant Ocean Ships' Motion to Dismiss for Lack of Personal Jurisdiction and Defendant United States of America's Motion to Dismiss or Transfer for Improper Venue. For the reasons contained herein, both motions are granted, and the case is dismissed in its entirety.

### I. BACKGROUND

Reeve, then an employee of Ocean Ships, contends he was injured on December 28, 2009, while working as a deckhand on the USNS Sisler. According to his Complaint, the unsecured bow of a launch boat trapped his foot between the launch boat and the stern ladder of the ship. At the time of the injury, the ship was docked

at a port in Cartenga, Spain.  Reeve alleges that he suffered severe and permanent injuries to his ankle, resulting in lost wages, lost earning capacity, and pain and suffering.  Reeve's four-count Complaint alleges Jones Act negligence against Ocean Ships (Count I), breach of its warranty of seaworthiness by Ocean Ships (Count II), breach of its duty of maintenance and cure by Ocean Ships (Count III), and a breach of the Public Vessels Act, 46 U.S.C. § 31102, by the United States (Count IV).

Ocean Ships moves to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, contending that it does no business within the State of Illinois and Reeve has failed to show that his injuries resulted from any specific contacts it had with the state.  The United States moves to dismiss or transfer for improper venue under Fed. R. Civ. P. 12(b)(3), arguing that Reeve was obligated to file his suit against it in the location where the vessel was found at the time the suit was filed, which was New York.

## II. PERSONAL JURISDICTION OVER OCEAN SHIPS

The plaintiff has the burden of establishing personal jurisdiction, but where the issue is raised by a motion to dismiss decided without an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdictional facts.  *Tamburo v. Dworkin*, 601 F.3d 693, 700-01 (7th Cir. 2010).  The Court must accept as true all well-pleaded facts in the complaint and resolve any disputes in favor of the plaintiff.  *Id.*  However, the Court

also will accept as true any unrebutted facts in Defendant's affidavit. *Gulley v. Moynihan*, 10 C 4435, 2011 WL 2461813, at *1 (N.D. Ill. June 17, 2011).

Here, the Court has jurisdiction over Reeve's Complaint on the basis of federal question and admiralty jurisdiction, 28 U.S.C. §§ 1331, 1333. In such a case, this Court has jurisdiction if a court of the state in which it sits would have jurisdiction. *Casteel v. Maryland Marine, Inc.*, 09 CV 0078, 2009 WL 972368, at *2 (S.D. Ill. April 9, 2009). So the question is whether Oceans Ships is subject to the jurisdiction of Illinois courts.

Illinois' long-arm statute permits the exercise of personal jurisdiction to the limits of the Illinois and United States constitutions. 735 Ill. Comp. Stat. 5/2-209(c). Because there is no difference between the two constitutional limits, the Court must consider whether the exercise of personal jurisdiction over Ocean Ships would violate federal due process. *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assoc. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). In order to comport with due process, the defendant must have such minimum contacts with a state "that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (internal citations and quotations omitted). A defendant cannot be hauled into a distant court unless it has done something that would make it reasonably anticipate that it may be sued in the forum state. *Id.* at 444.

The key question is whether the defendant has "purposefully availed itself" of the benefits and protections of acting in the forum state. *Id.* (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). Personal jurisdiction over an out-of-state defendant may be either general or specific, depending on the number and nature of the defendant's contacts with the forum state. *Id.*

Oceans Ships has submitted an affidavit from Linda Jester ("Jester"), its claims administrator, asserting that Ocean Ships is a Delaware corporation. Its only office is located in Houston, Texas. It does not own property in Illinois and does not advertise here or otherwise conduct business here, according to the affidavit.

### A. General Jurisdiction

Illinois courts may exercise general jurisdiction over defendants when the defendant's business contacts with the state are continuous and systematic. *Russell v. SNFA*, 946 N.E.2d 1076, 1082 (Ill. App. Ct. 2011). Here, Reeve contends that Ocean Ships hired him knowing that he was an Illinois resident. But this is not enough to establish general jurisdiction in light of Jester's affidavit, the truthfulness of which Reeve does not challenge. Reeve relies on *Bass v. Energy Transp. Corp.*, 787 F.Supp. 530 (D. Md. 1992), in which the Maryland district court found it had general personal jurisdiction over a vessel owner that had a 15-year relationship with a Maryland-based union through which it

hired all of its unlicensed seamen.  Here, there is no evidence of an ongoing business relationship between Ocean Ships and any Illinois entity, or any other contacts that would allow for the exercise of general jurisdiction.

### B. Specific Jurisdiction

Alternatively, Reeve contends that this Court has specific jurisdiction over Ocean Ships on the basis of the Illinois long-arm statute because his cause of action arose from "the making or performance of any contract or promise substantially connected with this State." 735 Ill. Comp. Stat. 5/2-209(a)(7).

When considering whether a contract permits the exercise of specific jurisdiction, Illinois courts do not focus on the mere existence of a contract between the parties or solely on the place of contracting or performance. *Commerce Trust Co. v. Air 1st Aviation Companies, Inc.*, 851 N.E.2d 131, 138 (Ill. App. Ct. 2006). Rather, the court focuses on the prior negotiations and future consequences of the contract, as well as the terms of the contract and the course of dealing between the parties. *Id.*

Here, Reeve's argument as to why the Court has personal jurisdiction over Ocean Ships under this provision is limited to one sentence: "In the present case, Defendant advertised employment to residents of Illinois and made a contract for employment with Reeve, who is substantially connected with Illinois." Reeve does not present a written employment contract,

nor does he offer any information about where or how the contract was negotiated, its terms, or the course of dealing between the parties. As such, the Court cannot conclude that Reeve and Ocean Ships entered into a promise substantially connected with Illinois so as to establish personal jurisdiction over the latter.

Illinois' long-arm statute also applies to causes of acting arising from "the transaction of any business within the State." 735 Ill. Comp. Stat. 5/2-209(a)(1). Reeve argues that Ocean Ships' act of hiring him, knowing he was an Illinois resident, satisfies this prong of the long-arm statute. The problem, as Ocean Ships points out, is that Reeve does not allege that any of his interactions with Defendant occurred in Illinois. Nor does he provide any factual support for his allegation that Ocean Ships "advertised employment to residents of Illinois." In short, Reeve has failed to meet his burden to make out a *prima facie* case of specific personal jurisdiction over Ocean Ships.

Alternatively, Reeve argues that in operating vessels for the U.S. Navy, Ocean Ships is an agent for the United States, so it is subject to jurisdiction in any court where personal jurisdiction exists over the United States. Reeve provides no case law supporting this proposition. Further, it is incorrect as a matter of law to impute the actions of a principal to its agent for the purposes of finding personal jurisdiction over the agent. *Stein v. Rio Parismina Lodge*, 695 N.E.2d 518, 525–26 (Ill. App. Ct. 1998).

For these reasons, this Court has neither general nor specific personal jurisdiction over Ocean Ships, and Reeve's Complaint against it is dismissed.

### III. <u>IMPROPER VENUE</u>

The United States seeks to dismiss Count IV, brought against it under the Public Vessels Act, 46 U.S.C. § 31102, which allows for suits against the United States for claims arising from damages caused by a public vessel of the United States. The statute has a venue provision providing that a civil action brought under it "shall be brought in the district court of the United States for the district in which the vessel or cargo is found within the United States." 46 U.S.C. § 31104(a).

When a motion to dismiss is brought under Rule 12(b)(3), the plaintiff bears the burden of establishing proper venue. *Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prod., Inc.*, No. 3:10 CV 641, 2011 WL 1792228, at *2 (S.D. Ill. May 10, 2011). The Court must take all allegations in the Complaint as true and draw all inferences in favor of the plaintiff, but it may consider matters outside the complaint without converting the motion to one seeking summary judgment. *Id.* When venue is improper, the Court may dismiss the case or transfer it to district or division in which it could have been properly brought. 28 U.S.C. § 1406(a).

Counsel for the United States has provided documentation showing that at the time Reeve's suit was filed, the USNS Sisler

was on a voyage between Bayonne, New Jersey, and Newport News, Virginia. More specifically, two minutes after the suit was filed, at 4:20 p.m. on December 22, 2010, the vessel was in the lower New York Bay and within 12 nautical miles of the New York and New Jersey shorelines. As such, the United States requests that the Complaint either be dismissed or transferred to the United States District Court for the Eastern District of New York. Reeve does not dispute that venue would be proper in that court.

However, Reeve contends that his claim is cognizable under both the Public Vessels Act and the Suits in Admiralty Act, 46 U.S.C. § 30901, which also allows for certain claims against the United States involving public vessels. He notes that venue is proper under the Suits in Admiralty Act in the district where the vessel is found or where the plaintiff resides. 46 U.S.C. § 30906(a). Because Reeve resides in the Northern District of Illinois, venue is proper here, he contends. Again, Reeve cites no case law for his argument that the venue provisions of the Suits in Admiralty Act apply where a case falls under the provisions of both that statute and the Public Vessels Act. Nor is there any real question that the Public Vessels Act applies here, even though the USNS Sisler was being operated by Ocean Ships at the time of the accident. *See Justice v. United States*, 6 F.3d 1474, 1476 (11th Cir. 1993)(applying the provisions of the Public Vessels Act to a vessel operated by a private company).

The Public Vessels Act and the Suits in Admiralty Act are read together as "complementary jurisdictional statutes providing for admiralty suits against the United States." *Blanco v. United States*, 464 F.Supp. 927, 930 (D.C.N.Y. 1979). However, even if Reeve's claim is cognizable under both statutes, "the special provisions of one are not voided by the more general provisions of another." *Id.* at 931 (citing *United States v. United Cont'l Tuna Corp.*, 425 U.S. 164, 168 (1976)).

In fact, numerous courts have held that where an action is cognizable under both statutes, the more restrictive venue provisions of the Private Vessels Act control. *See Justice*, 6 F.3d at 1476 n.5; *Molina v. United States*, No. 2:96 CV 402, 1996 U.S. Dist. LEXIS 17260, at *5–6 (E.D. Va. Sept. 12, 1996); *Asociacion de Pescadores de Vieques, Inc. v. United States*, 497 F.Supp. 54, 55–56 (D.P.R. 1979). Therefore, venue in this Court is improper. Although the parties agree that venue is proper in the Eastern District of New York as to Reeve's claim under the Private Vessels Act against the United States, there is nothing in the record to show whether that court would have personal jurisdiction over Ocean Ships. As such, the Court declines to transfer the case, and grants the United States' Motion to Dismiss. *Compendia Brasilia Carburetor de Calico-CBCC v. Applied Indus. Materials Corp.*, 698 F.Supp. 2d 109, 121 (D.D.C. 2010)("Before a case involving multiple defendants can be transferred, it must be determined that all

defendants would have been subject to personal jurisdiction in the transferee court at the time the case was originally filed.").

### IV. CONCLUSION

For the reasons stated herein, the Court grants Defendant Ocean Ships' Motion to Dismiss for Lack of Personal Jurisdiction and grants Defendant United States' Motion to Dismiss for Improper Venue.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

**DATE:** 7/27/2011